COWART, Judge,
dissenting:
The named insured, Bestway, a truck broker, negligently mis-identified Walker as a driver or agent of Hatfield, a trucker, and negligently entrusted a load of shrimp to *1106 him. If Walker had in fact been Hatfield’s driver and agent, then Bestway would have been acting as a broker between two principals (Hatfield and the owner of the shrimp). But in fact Walker was not acting as Hatfield’s agent and, notwithstanding that Bestway did not subjectively intend the legal result, when Bestway authorized Walker to pick up and haul the shrimp and also authorized the owner of the shrimp to deliver it to Walker, Bestway impliedly established a agency relationship with Walker and Walker became Bestway’s agent and driver for the purpose of acquiring possession of the shrimp and hauling it. Walker’s subsequent embezzlement of the shrimp falls within the language and purpose of the policy exclusion as to theft by the insured’s agent or driver.
Certainly, fraud negates an agency agreement, as it does all agreements, but fraudulently induced agreements and relationships are not void but merely voidable. Bestway had the legal right, because of Walker’s misrepresentation, to rescind the authorization it gave Walker to pick up and haul the shrimp. That is not the point. The point is that Bestway authorized the owner to deliver possession of the shrimp to Walker and authorized Walker to receive possession of the shrimp and, pursuant to that authorization, Walker, effectively acting as Bestway’s driver and agent, obtained the load of shrimp and embezzled it. The loss occurred long before any rescission and before Bestway even knew it had grounds to rescind the implied agency agreement between it and Walker. The insurance company should win this one.